# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Blackhawk Mining, LLC,**
**Employer Below, Petitioner**

**v.)**     **No. 25-889**   (JCN: 2023007720)
                        (ICA No. 25-ICA-32)

**Christian Weis,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blackhawk Mining, LLC appeals the October 24, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Blackhawk Mining, LLC v. Weis*, No. 25-ICA-32, 2025 WL 2993728 (W. Va. Ct. App. Oct. 24, 2025) (memorandum decision). Respondent Christian Weis filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the December 19, 2024, decision of the West Virginia Workers' Compensation Board of Review. The Board of Review reversed the claim administrator's October 24, 2023, order granting 12% permanent partial disability and granted an additional 3% for a total award of 15% permanent partial disability. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The employer asserts that after finding that Bruce A. Guberman, M.D., incorrectly calculated an impairment rating under the range of motion model, the Board of Review and the ICA improperly concluded that the opinions of Dr. Guberman were entitled to equal weight with those of Prasadarao B. Mukkamala, M.D. The employer further contends that the Board of Review also erred in accepting Dr. Guberman's choosing the alternative impairment rating of 15% based upon the claimant's atrophy and scarring without explaining why he chose that impairment rating. Therefore, the employer argues that there was no basis for the award of an additional 3% based upon Dr. Guberman's report, and the claim administrator's order granting 12% permanent partial disability should be reinstated.

The claimant counters by arguing that the Board of Review considered Drs. Guberman's and Mukkamala's reports and found that they were reliable. While the employer contends that Dr.

---

[1] The employer appears by counsel Billy R. Shelton, and the claimant appears by counsel Reginald D. Henry and Lori J. Withrow.

Guberman's report is unreliable because he did not explain the basis of his 15% impairment rating, the claimant argues that Dr. Guberman stated that the impairment rating was based upon the atrophy and scarring he found during his examination of the claimant. The claimant also contends that because the Board of Review found equal evidentiary weight between Drs. Guberman's and Mukkamala's opinions, the Board of Review properly ruled in the light most consistent with the claimant's position pursuant to West Virginia Code § 23-4-1g(a). Therefore, the claimant argues that the ICA did not err in affirming the Board of Review's decision to grant an additional 3% for a total award of 15% permanent partial disability. In its reply, the employer concedes that like Dr. Guberman, Dr. Mukkamala also made three alternative impairment calculations regarding the claimant's compensable injury. Dr. Guberman's calculation based upon atrophy and scarring was the only calculation that produced a higher impairment rating. Therefore, the employer argues that Dr. Guberman's 15% impairment rating was arbitrary.[2]

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**

---

[2] The Board of Review agreed with the employer that Dr. Guberman made a mistake in calculating his impairment rating based upon limited range of motion but observed that Dr. Guberman's calculation error "does not affect the reliability of Dr. Guberman's [overall impairment] rating because he did not recommend that the claimant be granted an award based upon range of motion loss." The Board of Review found that Dr. Guberman calculated his overall impairment rating for the compensable injury "based upon atrophy and scarring, which [calculation was] in accordance with the [AMA] *Guides* [*to the Evaluation of Permanent Impairment* (4th ed. 1993)]." The Board of Review concluded that Drs. Mukkamala and Guberman each provided reliable opinions "of equal evidentiary weight." Pursuant to West Virginia Code § 23-4-1g(a), the Board of Review adopted the claimant's position and granted an additional 3% for a total of 15% permanent partial disability for the compensable injury. In *Blackhawk Mining, LLC v. Weis*, No. 25-ICA-32, 2025 WL 2993728 (W. Va. Ct. App. Oct. 24, 2025) (memorandum decision), the ICA affirmed the Board of Review and noted that West Virginia Code § 23-4-1g(a) provides, in pertinent part, that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted." *Id.* at 2 n.2 (quoting statute).

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III